**In re John COCKRUM, Applicant.**

**No. 6:93cv230.**

United States District Court,
E.D. Texas,
Tyler Division.

Aug. 25, 1994.

Alan Bernard Rich and Lawrence Ray Lassiter, Dallas, TX, Jeffrey Dworkin, Austin, TX, for applicant.

John Jacks, Atty. Gens. Office, Austin, TX, for State.

### ORDER

JUSTICE, District Judge.

Through a letter dated August 22, 1994, counsel for the applicant, Alan B. Rich, Esquire, expressed an interest in having the court appoint a "next friend" to direct the habeas corpus proceedings on behalf of the applicant. This request stems from the court's August 5, 1994, order which found the applicant incompetent to dismiss further habeas corpus proceedings.

This court is presented with a novel issue: When an applicant is judged incompetent, so that he is not competent to dismiss his habeas corpus proceedings, what person can be appointed to prosecute his claims? Guidance is shed on this case by examining the classic "next friend" scenario where a prisoner does not wish to seek habeas corpus relief and another seeks to do so on his behalf.

In *Whitmore v. Arkansas*, 495 U.S. 149, 163, 110 S.Ct. 1717, 1727, 109 L.Ed.2d 135 (1990), the Supreme Court discussed "next friend" standing in the context of habeas corpus. The Court held that there are two firmly rooted prerequisites for "next friend" standing. *Id.* First, there must be an adequate explanation of why the real party in interest cannot appear in his own behalf to prosecute the action. *Id.* Second, the "next friend" must be truly dedicated to the best interests of the person on whose behalf he

48. Record, April 12, 1994, at 87.

seeks to litigate and must have some significant relationship with the real party in interest. *Id.* at 163–64, 110 S.Ct. at 1727–28. "These limitations on the 'next friend' doctrine are driven by the recognition that 'it was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends.'" *Id.* at 164, 110 S.Ct. at 1727–28.

In the case of the applicant, this court found an adequate explanation as to why the applicant cannot appear in his own behalf; the court found applicant is incompetent to do so. *Memorandum Opinion,* 867 F.Supp. 484, August 4, 1994. As such, this court is required to explore only the second prerequisite. In making this decision, the court must determine who is truly dedicated to the best interest of the applicant and who has a significant relationship with the applicant. *See Whitmore,* 495 U.S. at 163–64, 110 S.Ct. at 1727–28. *Whitmore,* however, does not expound upon what constitutes the required dedication to the best interest of the real party in interest, nor what constitutes a significant relationship. *See id.* Moreover, there is very little case law that addresses these criteria.

Then–Justice Rehnquist in *Lenhard v. Wolff,* 443 U.S. 1306, 1310, 100 S.Ct. 3, 5, 61 L.Ed.2d 885 (1979), addressing what persons are eligible to serve as "next friend," stated "from a purely technical standpoint a public defender may appear as 'next friend' with as much justification as the mother of [the prisoner]." Additionally, in *Davis v. Austin,* 492 F.Supp. 273, 275 (N.D.Ga.1980), which is cited favorably by the Court in *Whitmore,* the court held that neither an ordained minister, nor the first cousin of the prisoner qualified as "next friend." *Id.* at 275–76. The court based this determination on the lack of contact between the would-be "next friends" and the prisoner. *Id.* More importantly, however, the *Davis* court recognized that a prisoner's public defender could qualify as "next friend." *Id.*

In accordance with the law as stated above, it is found that Rich, appointed counsel of the applicant, should be appointed "next friend" of the applicant for the purposes of pursuing the writ of habeas corpus pending before this court. Rich has demonstrated to the court that he is truly dedicated to the best interest of the applicant. This is evidenced by the fact that Rich, who is representing the applicant *pro bono,* challenged the applicant's competency when he sought to forego further review of his conviction and sentence. Moreover, there is no indication that he is merely an opponent to the death penalty using the applicant to further a political agenda. *Cf.* 492 F.Supp. at 275. It does not appear that the applicant is a pawn being manipulated on a chess board larger than his own case for the purpose of undermining the death penalty. *See Lenhard v. Wolff,* 443 U.S. at 1312, 100 S.Ct. at 6.

Also, Rich has a significant relationship with the applicant. He has acted on behalf of the applicant before this court since the petition for the Great Writ was filed on April 16, 1993. Moreover, Rich contested the applicant's competency to dismiss further habeas corpus proceedings, which resulted in the August 4, 1994, order finding applicant incompetent for the habeas corpus proceedings.

Rich's relationship with the applicant is at least as significant as the usual relationship between trial counsel and their client. As such, there is no reason to distinguish between appointed counsel for a habeas corpus proceeding and a public defender appointed to defend the accused in the state system. Appointed counsel in preparing the application for habeas corpus entails at least as much contact between an applicant and counsel as does the preparation for trial and direct appeals.

Thus, the indication that appointed trial counsel possesses the necessary criteria to be "next friend" leads to the conclusion that appointed habeas corpus counsel, too, possesses the criteria to be appointed "next friend."[1] For these reasons, it is found that

---

1. This discussion assumes that the "public defenders" referred to in *Davis* and *Lenhard* are trial counsel and/or counsel on direct appeal. If, on the other hand, the "public defenders" referred to are appointed Habeas Corpus counsel, then the issue at hand has directly been spoken on.

Rich is not "an intruder[ ] or uninvited meddler[ ]" and, therefore, should be appointed "next friend" for the pending habeas corpus proceedings. *See* 495 U.S. at 164, 110 S.Ct. at 1727. Accordingly, it is

**ORDERED** that Alan B. Rich, Esquire, be appointed "next friend" of applicant, John Cockrum for the purposes of pursuing the writ of habeas corpus before this court. As such, he shall act in the best interest of the applicant in directing the habeas corpus proceedings before this court. Further, it is

**ORDERED** that, not later than October 31, 1994, counsel for the applicant shall file amendments, if any, to the application for the writ of habeas corpus previously filed with this court. Not later than November 30, 1994, counsel for the respondent shall file a response to the application, as amended. A hearing on the merits of the application for the writ of habeas corpus shall be held at 10:00 a.m., January 3, 1995, before the undersigned judge at Tyler, Texas. Further, it is

**ORDERED** that the deadlines established in the August 4, 1994 order of this court shall be, and are hereby, found to be moot.